**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:** | : |
| | : **Case No.: 25-12485** |
| **Ronald M Jaworsky** | : **Chapter 13** |
| **Lisa Jaworsky** | : **Judge Derek J. Baker** |
| | : \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* |
| **Debtor(s)** | : |
| | : |
| **Planet Home Lending, LLC** | : **Date and Time of Hearing** |
| **Movant,** | : **February 26, 2026 at 11:00 AM** |
| | : |
| **vs** | : |
| | : **Place of Hearing** |
| **Ronald M Jaworsky** | : **U.S. Bankruptcy Court** |
| **Lisa Jaworsky** | : **900 Market Street, Suite 400** |
| **Kenneth E. West** | : **Philadelphia, PA, 19107** |
| **Respondents.** | : |
| | : **Related Document # 53** |

<u>**STIPULATION FOR SETTLEMENT OF CREDITOR PLANET HOME LENDING, LLC**
**MOTION FOR RELIEF FROM AUTOMATIC STAY FOR PROPERTY LOCATED AT**
**702 BROOKSIDE AVE, SWARTHMORE, PA 19081 (DOCKET # 53)**</u>

This matter coming to be heard on the *Motion for Relief from Stay* (Dkt. #53) which was filed in this court by Planet Home Lending, LLC ("Movant"), Movant and Ronald M Jaworsky and Lisa Jaworsky by and through counsel (collectively, "Debtor"), have agreed to a course of action which will condition the continuation of the automatic stay upon certain provisions incorporated herein for the protection of Movant; and Parties stipulate to the following and request a Court order confirming the same:

1.  The Parties agree that the Chapter 13 Plan ("Plan") filed herein on behalf of Debtor provided that said Debtor was to make regular monthly mortgage payments to Movant outside of the Plan in a regular monthly fashion.

2.  The Parties agree that in breach of said Plan, Debtor failed to make regular monthly mortgage payments to Movant and is currently in default for the months of July 2025 through February 2026, incurring a total post-petition arrearage of $19,342.76, which consists of 8 post-petition payments for July 1, 2025 through February 1, 2026 at $2,286.72 each, and attorney fees and costs of $1,049.00.

3.  Debtor shall submit ongoing monthly mortgage payments directly to the Creditor starting with the March 2026 post-petition payment.

4.  Debtor shall file an amended Chapter 13 Plan wherein the post-petition arrearage for the months of July 2025 through February 2026 is included in the Plan. Debtor shall file the Amended Chapter 13 Plan within thirty (30) days of the Court Order approving this stipulation.

5.     Movant is permitted to file a Supplemental Proof of Claim in the amount of $19,342.76 representing the total post-petition delinquency. The Supplemental Proof of Claim shall be paid as a secured claim through the Chapter 13 Plan.

6.     Payments shall be sent to:

Planet Home Lending, LLC
321 Research Parkway, Suite 303
Meriden, Connecticut 06450

7.     Upon completion of the repayment schedule listed above or tender of sufficient funds to bring the loan post-petition current, Debtor must continue to make timely post-petition mortgage payments directly to Movant in a regular monthly fashion.

8.     The following are events of default under this Stipulation:

   a.     Debtor's failure to file an Amended Chapter 13 Plan within 30 days of the Court Order approving this stipulation;

   b.     Debtor's failure to remit any future monthly mortgage payment on or before the date on which it is due;

9.     In the event of a Default, Movant shall send a Notice specifying the Default, to Debtor and Debtor's counsel ("Notice"), allowing Debtor ten (10) days to cure the Default ("Cure Opportunity"). If the Default is not cured, Movant shall file a Certification of Default with the Court.  The automatic stay shall be terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property upon the Court's entry of an Order granting Movant's Certification of Default.

10.    This Stipulation remains in full force and effect in the event Debtor's case is dismissed by the Court and Debtor subsequently reinstates their case by order of the Court and/or the Movant obtains relief from stay and the stay is subsequently reinstated by order of the Court.

11.    If this bankruptcy proceeding is converted to Chapter 7, dismissed or discharged, this Order shall be terminated and have no further force or effect.

MDK LEGAL

Dated:_____02/16/2026_____          BY:___/s/ Adam B. Hall_____
                                            Adam B. Hall (323867)
                                            MDK Legal
                                            P.O. Box 165028
                                            Columbus, OH  43216-5028
                                            614-220-5611; Fax 614-627-8181
                                            Email: ABHall@mdklegal.com

Attorney for Creditor

Dated: _____ 2/16/26 _____

BY: /s/Brad J. Sadek (via email consent)
BRAD J. SADEK
1500 JFK Boulevard
Ste 220
Philadelphia, PA 19102
Email: brad@sadeklaw.com
Attorney for Debtor

I do not object to the foregoing Stipulation

Without Prejudice to Any Trustee Rights or Remedies

/s/ LeeAne O. Huggins     February 17, 2026
_____

Kenneth E. West
190 N. Independence Mall West
Suite 701
Philadelphia, PA  19106